## CIRCUIT COURT OF FAIRFAX COUNTY

John D. Holman

    v.

William C. Holman

June 1, 1989

Case No. (Chancery) 110217

By JUDGE F. BRUCE BACH

    This matter is before the Court on Respondent's Motion for Summary Judgment and the opposition thereto. For the reasons set forth below, the motion is granted.

    Complainant John D. Holman and Respondent William C. Holman are owners as tenants in common of certain real property in Merrifield, Virginia, located at 2805 Old Lee Highway (the Property). As co-tenants, they lease the property to Capitol Boiler Works, Inc. (Capitol Boiler) for an agreed upon rent. Respondent, William C. Holman, is the sole stockholders of Capitol Boiler.

    On April 12, 1984, Complainant and Respondent as the owners of the property entered into an agreement with Capitol Boiler to lease the property. On page 7 of the lease, the following language is set forth:

> TENANT may sell, assign, or transfer this lease and any or all of his rights hereunder, sublease the premises, or surrender possession of the premises to another party.

    Pursuant to this provision, Capitol Boiler has profitably subleased portions of the aforesaid property to third parties.

In Count I of the Bill of Complaint, Complainant seeks an accounting from the Respondent for all rents, profits, and proceeds realized by the Respondent in leasing the property. Complainant further asks the Court to require the Respondent to share evenly with Complainant all rents, profits, and proceeds realized by the Respondent in leasing the property.

The profits produced by the subleases which Capitol Boiler entered into is income which is due the corporation. The fact that the Respondent as sole shareholder of the corporation may receive a part of this profit as a dividend from his stock does not entitle the Complainant as co-tenant to a share of this income. The status of Complainant as a co-tenant does not provide a basis under which he may recover the profits of a corporation he no longer has any interest in. The fact that Capitol Boiler has exercised the clause permitting it to sublease the property does not permit the Complainant as a co-tenant/landlord to receive any of the profits which are generated by the tenant under the subleasing clause. The Court concludes the Complainant has set forth no cause of action under which he may recover from Respondent the profits generated by the tenant in subleasing the property. Accordingly, the Motion for Summary Judgment is granted.